**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KYLE RICHARD ENTY, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-5005 |
| | : | |
| COMMISSIONER BRIDGET COLLINS | : | |
| GREENWALD, *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

**MCHUGH, J.**                                                                                     **OCTOBER 2, 2024**

Kyle Richard Enty filed a *pro se* Complaint on September 19, 2024, asserting constitutional claims against Commissioner Bridget Collins Greenwald, Commissioner Kimberly Ali, Tanisha Bey, and Kristen Abney, all of whom are identified as employees of the City of Philadelphia, as well as Philadelphia Mayor Cherelle Parker. Enty seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Enty *in forma pauperis* status, and dismiss his Complaint on statutory screening.

**I.     FACTUAL ALLEGATIONS**[1]

Mr. Enty asserts that Bey and Abney prevented him from evicting persons from his property. Specifically, he contends that they "sabotaged [his] efforts to eject the criminals who had taken over [his] house with the authority of the City." (Compl. at 3-4.) He asserts that the City was aware that these Defendants are "racist, corrupt and unprofessional" making the City vicariously liable for their actions. (*Id*. at 4.) Bey allegedly told Enty erroneously on September

---

[1] The factual allegations set forth in this Memorandum are taken from Enty's Complaint (ECF No. 2). The Court adopts the sequential pagination assigned to the Complaint by the CM/ECF docketing system.

6, 2022 that, because his name was not on the deed of the property, he could not "complete the clarifi [sic] form" to affirm his status as the landlord.[2]  (*Id*. at 5.)  He apparently told Bey that there were children living in the home while there was a sewage problem there.  She told him that this "was not a big deal."  (*Id*.)  Because his name was not on the deed, he could not proceed with eviction proceedings.  (*Id*.)  He claims that these City employees discriminated against him because he has "light skin" and treated him differently than "everyone else because of the color of [his] skin."[3]  (*Id*.)  As relief on his claims, he seeks an order from this Court restoring to him "the house that was taken from [him] by reverse mortgage" because he was not able to make "the payments" because he could not obtain a paying tenant for the house or, in the alternative, money damages.  (*Id*. at 7.)

This is not the first time Enty has brought a suit in federal court concerning this incident.  In 2023 the Court dismissed Enty's claims against the City of Philadelphia, Bey and Abney that was based on the same set of facts.  *See Enty v. City of Philadelphia*, No. 23-4651, 2023 WL 8880129 (E.D. Pa. Dec. 22, 2023).  In that Complaint, Mr. Enty alleged that he was told by Defendant Bey and one of her L&I coworkers that he could not proceed with an eviction proceeding because his name was not on the deed.  Although Enty told Bey that he was the executor of his mother's will and would have no problem bringing the probate papers to the L&I

---

[2] In a different portion of Enty's Complaint, he states he needed the "clarifi" form to get a commercial activity license, which would make him an official landlord.  (Compl. at 13.)  He alleges he cannot evict anyone without that license.  (*Id*.)  He also asserts that he initially allowed tenants to move into the property even though he had no license because they were "in a bind" due to their other lease expiring and needing a place to live.  (*Id*.)

[3] Enty also makes numerous allegations about race discrimination involving the Philadelphia public schools, SEPTA, the Philadelphia District Attorney's Office, the Philadelphia Library, and Department of Public Assistance (Compl. at 7-8, 14-15, 16-41), but it is unclear how those allegations relate to his claim about City employees preventing him from becoming an official landlord able to evict tenants.

office, Bey and a department head allegedly told him that being the executor of his mother's will did not matter. *Id.*, at *1. Mr. Enty alleged in the first case that he told Abney the story about the sewage problem and she also told him he would have to go through the eviction process to get the tenants out of the house regardless of the sewage issue because it was "not that big a deal." *Id.*

On December 22, 2023, the Court dismissed Enty's Complaint with prejudice. The Court dismissed Enty's claims against the City of Philadelphia because Enty failed to allege his rights were violated due to a policy or custom of the City. *Id.* at *2-3 (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 665-83 (1978)). Mr. Enty's equal protection claims against Bey and Abney were dismissed because he failed to allege that they treated him differently from others who were in a similar situation or that he was treated differently based on his membership in a protected class and the Defendants acted out of racial animus. *Id.* at *3. His due process claims against Bey and Abney were dismissed with prejudice because Enty failed to allege that they had any role in the procedures by which tenants can be evicted from real property and, concomitantly, no role affecting a property right possessed by Enty as the purported landlord. *Id.* at *4. Rather, the Court noted, it is the Court of Common Pleas that has the power to grant a landlord an order to evict a tenant by the landlord's following the procedures set forth in the Landlord and Tenant Act of 1951, 68 P.S. § 250.101-250.602. *Id.* Enty did not appeal the final dismissal of his claims.

## II.    STANDARD OF REVIEW

The Court grants Enty leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher*

*v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'"  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) *abrogation on other grounds recognized by Fisher v. Hollingsworth*, ___ F.4th ___, 2024 WL 3820969 (3d Cir. Aug. 15, 2024) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.  As Enty is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

**III.    DISCUSSION**

Because Enty's prior case was dismissed with prejudice, his new claims are barred. "Claim preclusion — which some courts and commentators also call *res judicata* — protects defendants from the risk of repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits."  *Beasley v. Howard*, 14 F.4th 226, 231 (3d Cir. 2021) (internal quotations omitted).  Claim preclusion prevents parties from raising issues that could have been raised and decided in a prior case regardless of whether those issues were litigated.  *Id.*  In other words, "[t]he prior judgment's preclusive effect . . . extends not only to the claims that the plaintiff brought in the first action, but also to any claims the plaintiff could have asserted in the previous lawsuit."  *Id.* at 231-32.  "Claim preclusion similarly

reaches theories of recovery: a plaintiff who asserts a different theory of recovery in a separate lawsuit cannot avoid claim preclusion when the events underlying the two suits are essentially the same." *Id.* at 232; *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 261 (3d Cir. 2010) ("'Rather than resting on the specific legal theory invoked, res judicata generally is thought to turn on the *essential similarity* of the underlying events giving rise to the various legal claims.'") (quoting *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983-84 (3d Cir. 1984)).

Three elements are required for claim preclusion to apply: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Marmon Coal Co. v. Dir., Office Workers' Compensation Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (internal quotation marks omitted). "A dismissal under the *in forma pauperis* statute . . . qualifies as an adjudication on the merits carrying preclusive effect for purposes of any future *in forma pauperis* actions raising the same claim." *Gimenez v. Morgan Stanley DW, Inc.*, 202 F. App'x 583, 584 (3d Cir. 2006) (*per curiam*). With regard to the second element, claims against individuals who were not parties to the prior lawsuit may be precluded in certain circumstances, including when there is a substantive legal relationship between the party and nonparty. *Taylor v. Sturgell*, 553 U.S. 880, 893-94 (2008). "With respect to affirmative defenses, such as res judicata, dismissal is proper if application of the defense is apparent on the face of the complaint; [the Court] may also look beyond the complaint to public records, including judicial proceedings." *Weinberg v. Scott E. Kaplan, LLC*, 699 F. App'x 118, 120 n.3 (3d Cir. 2017); *Gimenez*, 202 F. App'x at 584 (observing that "[r]es judicata is a proper basis for dismissal under 28 U.S.C. § 1915(e)(2)(B)").

The application of claim preclusion is apparent on the face of Enty's Complaint. The dismissal of his first case was a final judgment on the merits against the same parties – the City,

Abney, and Bey – or their privies – Commissioners Greenwald and Ali and Mayor Parker. Enty's new Complaint is based on the same cause of action, namely that his constitutional rights were violated because he was unable to evict the tenants from the property. Because his claims were previously dismissed with prejudice, Enty may not reassert them in this case.

Accordingly, the Court will grant Mr. Enty leave to proceed *in forma pauperis* and dismiss the Complaint on statutory screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Because any attempt at amendment would prove futile, the dismissal will be with prejudice. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (holding that district courts should dismiss *pro se* complaints with leave to amend "unless amendment would be inequitable or futile."). An Order will be entered separately.

                              **BY THE COURT:**

                              /s/ Gerald Austin McHugh

                              **GERALD A. MCHUGH, J.**